UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SAUER, | Case No.  2:25-cv-0673-DAD-JDP |
| Plaintiff, | |
| v. | ORDER |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | |
| Defendant. | |

Plaintiff Timothy Sauer seeks leave to serve non-parties Jai Dai and Winger Co. with deposition subpoenas by alternative means.  ECF No. 27.  Neither defendants nor the non-parties oppose the motion.  For the following reasons, plaintiff's motion is granted, and plaintiff is permitted to serve Dai and Winger by alternative means.

Plaintiff brings case against Chase for negligence, negligence misrepresentations, and conversions.  ECF No. 13.  Plaintiff claims that he was informed about an investment opportunity that required him to wire $4.6 million dollars into a Chase account named US Jiarong Trading Co. Limited.  Before transferring the funds, plaintiff states that he contacted Kenneth Lu, a VP at Chase who advised him that he had first-hand knowledge of the company and represented to plaintiff that Jiarong Trading was a legitimate and trustworthy company.  Due to the alleged representations made by Lu, plaintiff transferred the funds, which were quickly drained via wire transfers.

1

During the course of a California state court petition, plaintiff discovered that $200,000 of plaintiff's funds were transferred from the Jiarong Trading account into an account at Bank of America, Autobahn Motors. ECF No. 28 at 1-2. Further discovery revealed that those funds were used to purchase a luxury car for non-parties Dai and Winger.[1] *Id.* at 2. Plaintiff obtained permission to serve deposition subpoenas on Dai and Winger from state court and was able to effectuate personal service on Dai and Winger's registered agent (Dai) at 333 Atherton Avenue, Atherton, California 94027. *Id.* Plaintiff understands this Atherton address to be Dai's personal home. *Id.*

Plaintiff was later contacted by attorney Linda Xu, who stated that she was Dai and Winger's attorney for purposes of the subpoenas. *Id.* at 3. Attorney Xu told plaintiff's counsel that her clients would not appear for their depositions and that she intended to quash the subpoenas because state court was not the proper forum. *Id.* The state court agreed with Xu and quashed the subpoenas. ECF No. 28-3.

After the state court quashed the subpoenas, plaintiff tried repeatedly to serve Dai and Winger, but each attempt was unsuccessful. Plaintiff first attempted to serve Dai and Winger's attorney in the state action, attorney Xu, but she stated, "[t]o the extent you intended the email below as a service email, we are not authorized to accept this subpoena on behalf of Ms. Dai." ECF No. 28-4 at 4. The court will now detail each effort undertaken by plaintiff:

- Donald Kaul attempted service on Dai and Winger at 333 Atherton Avenue on February 27, 2026, at 7:30 p.m., and again on March 2, 2026, at 10:05 a.m. Kaul stayed at the house for an additional ninety minutes but was unable to complete service. ECF No. 28-5 at 2.

- Gregory Vartanian attempted service on Dai and Winger at 333 Atherton Avenue on March 2, 2026. Vartanian contacted a female occupant, "Jane Doe," who said she would provide the service documents to Dai. Plaintiff did not receive contact from Dai or an attorney. ECF No. 28-6 at 2.

---

[1] Dai is Winger's Chief Executive Officer, Chief Financial Officer, Secretary, Director, and Agent for Service of Process.

2

- Kevin Nelzin attempted service on Dai and Winger at 333 Atherton Avenue on April 4, April 6, and April 9, 2026.  Nelzin stayed at the house for an additional two hours but was unable to complete service.  Nelzin also attempted contact through the property's call box to no avail.  ECF No. 28-7 at 2-3.

- Kimberly Karkov attempted service on on Dai and Winger at 333 Atherton Avenue and Winger's registered business address at 160 Austin Avenue, Atherton, California 94027 on April 15, April 16, and April 17, 2026.  Karkov was unable to serve any individual at either location.  ECF No. 28-8 at 2-5.

**Discussion**

The Court of Appeals has not definitively addressed whether Rule 45(b)(1) requires personal service, but as a general practice, district courts have found that the Rule requires such service.  *See Chima v. U.S. Dep't of Def.*, 23 F. App'x 721, 724 (9th Cir. 2001) (implying that personal service is required under Rule 45(b)(1) but also finding that any potential error with service was not prejudicial); *see also* 9A Arthur R. Miller, *Federal Practice and Procedure* § 2454 (3d ed. Aug. 2019 update) (explaining that court's interpretation of Rule 45 requiring personal service rests on a literal construction "of the word 'delivering' in subdivision (b)(1) of the [R]ule with reference to the person to be served," is certainly both widespread and longstanding, but nonetheless, "[i]n recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service").

The court finds that service may be effectuated by alternative means given the exceptional efforts made by plaintiff to serve Dai and Winger.  Plaintiff has consistently attempted to effectuate personal service on both Dai and Winger.  As detailed above, he has sent numerous process servers to both Dai's personal address—where she was previously served in another action—and Winger's place of business.  None of these attempts at personal service were successful.  Under these circumstances, the court finds that Rule 45 should be construed as provided in Rule 1: "to secure the just, speedy, and inexpensive determination of every action," which can allow for alternate means of service.  *See Cordius Tr. v. Kummerfeld*, No. 99 CIV.

3

3200 (DLC), 2000 WL 10268, at *1 (S.D.N.Y. Jan. 3, 2000); *Toni Brattin & Co. v. Mosaic Int'l, LLC*, No. 15-MC-80090-MEJ, 2015 WL 1844056, at *4 (N.D. Cal. Apr. 9, 2015); *BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-02332-PHX-JAT, 2020 WL 619675, at *3 (D. Ariz. Feb. 10, 2020).

Accordingly, service by first-class mail comports with due process as it is reasonably calculated under the circumstances to provide Dai and Winger with both notice and an opportunity to present objections. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Accordingly, it is ORDERED that:

1. Plaintiff's motion to serve deposition subpoenas by alternative methods on Dai and Winger, ECF No. 27, is GRANTED.

2. Plaintiff may serve Jai Dai and Winger Co. with subpoenas by first class mail and overnight delivery to: (1) Dai's last known residence at 333 Atherton Avenue, Atherton, California 94027; (2) Winger's address of record at 160 Austin Avenue, Atherton, California 94027; and (3) Dai and Winger's last known counsel, Linda Xu, at 12424 Wilshire Boulevard, 12th Floor, Los Angeles, California 90025.

3. Service of the subpoenas will deemed effective immediately upon the deposit of the subpoenas for delivery.

4. The July 2, 2026 hearing on the motion is vacated.

IT IS SO ORDERED.

Dated:    June 26, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4