UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY SAUER,

Plaintiff,

v.

KENNETH CHENG X LU, et al.,

Defendants.

No. 2:25-cv-00673-DAD-JDP

ORDER DENYING REQUEST FOR RECONSIDERATION AND REQUEST FOR STAY

(Doc. No. 40)

This matter is before the court on non-parties Jia Dai and Winger Co.s' ("non-parties") request for reconsideration by the undersigned of the assigned magistrate judge's June 29, 2026, orders (Doc. Nos. 38, 39). (Doc. No. 40.) Therein, in addition to their request for reconsideration, non-parties request a stay of their depositions scheduled for July 22, 2026, until their request for reconsideration is ruled upon. (*Id.* at 11–12.) On July 16, 2026, plaintiff filed his opposition to non-parties request for reconsideration and request for stay. (Doc. No. 41.) For the reasons explained below, the court will deny non-parties' request for reconsideration and deny their request for stay as having been rendered moot by this order denying their request on the merits.

/////

/////

**BACKGROUND**

In an order docketed on June 29, 2026, the assigned magistrate judge granted plaintiff's motion to serve non-parties Jai Dai and Winger Co. with deposition subpoenas by alternative means. (Doc. No. 38.) Notably, the magistrate judge signed the order granting plaintiff's motion to serve by alternative means on June 26, 2026. (*Id.* at 4.) Therein, he notes that neither defendants nor the non-parties had opposed the motion. (*Id.* at 1.) Non-parties' belated opposition (Doc. No. 37) was not filed until June 26, 2026, at 6:47 p.m., almost certainly after the magistrate judge had signed the order granting plaintiff's motion (Doc. No. 38). In the order granting plaintiff's motion to serve non-parties by alternative means, the magistrate judge detailed plaintiff's nine attempts to serve non-parties, including waiting outside of the specified address for multiple hours, attempting service at two different addresses, and attempting contact through the property call box. (Doc. No. 38 at 2–3.) Following an informal email from the non-parties (Doc. No. 41-1 at 4), on June 29, 2026, the magistrate judge issued a minute order informing the parties that the court would not consider the non-parties' untimely opposition (Doc. No. 39). On July 10, 2026, non-parties moved for reconsideration of the magistrate judge's orders (Doc. Nos. 38, 39). (Doc. No. 40.) On July 16, 2026, plaintiff filed an opposition to non-parties' request for reconsideration and request for stay. (Doc. No. 41.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or

rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

## DISCUSSION

Non-parties first argue that the magistrate judge improperly declined to consider their untimely opposition. (Doc. No. 40 at 7–10.) Non-parties also contend that the magistrate judge's order granting plaintiff's motion to serve by alternative means is contrary to law because the record does not show that plaintiff was diligent in his attempts to personally serve non-parties. (*Id.* at 10–11.) Plaintiff responds by arguing that non-parties' identified legal error, that the magistrate judge improperly declined to consider their untimely opposition, was never presented to the magistrate judge and thus not appropriate for this court to re-consider. (Doc. No. 41 at 5.) Plaintiffs also contend that non-parties' mere disagreement with the magistrate judge's order does not provide sufficient grounds to grant their request for reconsideration. (*Id.* at 6–7.)

### A. Request to Reconsider the Magistrate Judge's Decision to Not Consider Untimely Opposition (Doc. No. 39)

Non-parties argue that the magistrate judge erred in declining to consider their untimely opposition to plaintiff's motion for alternative service because they were not properly served with plaintiff's motion and because the magistrate judge did not consider the factors listed in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). (Doc. No. 40 at 7–10.) As noted above, plaintiff argues that this argument is not properly before this court on a motion for reconsideration because non-parties did not raise it before the magistrate judge. (Doc. No. 41 at 5.) Non-parties have not provided any authority supporting their apparent contention that the magistrate judge was required to vacate his order and consider their untimely opposition absent any motion by the non-parties.

"District courts may decline to consider arguments raised in Rule 72(a) motions that were not made before the magistrate judge." *United States v. Boyce*, No. 13-cv-00601-MMM-JEM,

2014 WL 7507240, at *7 (C.D. Cal. May 2, 2014) (collecting cases); *see also Emerging Acquisitions, LLC v. Wells*, No. 8:23-cv-00329-AB-ADS, 2026 WL 124848, at *3 (C.D. Cal. Jan. 8, 2026) (declining to consider the defendant's arguments made in his motion for reconsideration pursuant to Rule 72(a) because they were not timely raised before the magistrate judge), *reconsideration denied*, No. 8:23-cv-00329-AB-ADS, 2026 WL 1849881 (C.D. Cal. Feb. 20, 2026). In addition, Local Rule 230(c) states that "[a] failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." L.R. 230(c).

Here, non-parties learned of plaintiff's motion to serve them by alternative means (Doc. No. 27) on June 22, 2026 (Doc. No. 40-1 at ¶ 3). Non-parties did not bring a motion for leave to file an untimely opposition pursuant to Federal Rule of Civil Procedure 6(b)[1] or otherwise request an extension of time to respond to that motion. Rather, non-parties filed an untimely opposition after the magistrate judge signed the order granting plaintiff's motion, and after the order was docketed, non-parties emailed the magistrate judge's chambers and asked that the order be vacated and their opposition be considered, without reference to any legal argument in support of their request. (Doc. Nos. 41 at 3; 41-1 at 4.) Non-parties' did state in their opposition to plaintiff's motion for leave to serve subpoenas by alternative means that plaintiff's motion was not served on them, but they did not argue that their untimely opposition was the result of excusable neglect or otherwise suggest that they were seeking to leave to file an untimely opposition. (Doc. No. 37 at 7.)

Non-parties have not presented any authority for the proposition that the undersigned may reconsider the magistrate judge's determination not to vacate his order so that he could consider their untimely opposition when they never filed a proper request or motion that the magistrate judge do so in the first instance. The authorities that non-parties' cite in support of their contention that the magistrate judge improperly declined to consider their untimely opposition are

[1] Federal Rule of Civil Procedure 6(b) states in the relevant part, that "when an act must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. Rule Civ. Pro. 6(b)(1).

decisions where the party first filed a motion requesting an extension of time. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1257–58 (9th Cir. 2010) (where the plaintiff filed an *ex parte* request to extend the deadline to oppose a motion for summary judgement pursuant to Rule 6(b)); *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (affirming the district court's order granting the defendant's motion for an extension of time to file the notice of appeal); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000) (finding that the district court abused its discretion in denying the plaintiff's motion for reconsideration pursuant to Rule 60(b) because the district court did not apply the equitable test adopted in *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir.1997)).

Here, non-parties never filed a motion requesting leave to file an untimely opposition. There is simply no record for this court to consider on a request for reconsideration pursuant to Rule 72(a). "The court cannot deem the magistrate judge's findings clearly erroneous or contrary to law on the basis of documents and arguments not presented to [him]." *Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc.*, No. 2:17-cv-01515-KJM-AC, 2019 WL 4640513, at *3 (E.D. Cal. Sept. 24, 2019). The court declines to consider non-parties' request for reconsideration of the magistrate judge's decision to not consider their untimely opposition because non-parties failed to properly ask the magistrate judge to do so.[2]

**B. Request to Reconsider the Magistrate Judge's Order Granting Plaintiff's Motion for Alternative Service (Doc. No. 38)**

Non-parties also argue that the magistrate judge's order granting plaintiff's motion to serve non-parties with deposition subpoenas by alternative means is contrary to law because the magistrate judge misapplied Rule 45 and because the record does not show that plaintiff was diligent in his attempts to personally serve non-parties. (Doc. No. 40 at 10–11.) Plaintiff argues that non-parties' arguments merely reflect their disagreement with the magistrate judge's order and that this is insufficient to warrant reconsideration pursuant to Rule 72. (Doc. No. 41 at 6–7.)

---

[2] While the magistrate judge certainly had the discretion to withdraw his order and consider the untimely opposition filed by the non-parties as they requested in their email to chambers, certainly he was not compelled to do so and the non-parties have presented no authority for the proposition that he was.

Federal Rule of Civil Procedure 45 governs subpoenas issued to third parties. Rule 45(b) provides that "[s]erving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). The majority rule is that Rule 45 requires personal service, as opposed to service by mail. *Chima v. U.S. Dep't of Def.*, 23 F. App'x 721, 724 (9th Cir. 2001)[3] ("service by mail rather than by personal service" of subpoena duces tecum on defense witnesses held improper); *In re: Ex Parte Appl. of Pro-Sys Consultants & Neil Godfrey*, No. 16-mc-80118-JSC, 2016 WL 6025155, at *1 (N.D. Cal. Oct. 14, 2016) (collecting cases). However, a growing but still minority trend among courts has been to allow substitute service of a Rule 45 subpoena via alternative methods, such as mail delivery pursuant to court order. *In re Pro-Sys Consultants*, 2016 WL 6025155, at *2 (collecting cases); *Khan v. Rogers*, No. 17-cv-05548-RS (LB), 2018 WL 5849010, at *4 (N.D. Cal. Nov. 6, 2018) (recognizing the trend of permitting service by mail pursuant to court order). "Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (citing *Toni Brattin & Co. v. Mosaic Int'l*, LLC, No. 15–mc–80090–MEJ, 2015 WL 1844056, at *4 (N.D. Cal. Apr. 9, 2015)).

Here, the magistrate judge determined that service may be effectuated by alternative means "given the exceptional efforts made by plaintiff to serve Dai and Winger." (Doc. No. 38 at 3.) Non-parties do not argue that the magistrate judge applied the wrong standard in reaching this conclusion or that his factual findings were incorrect. Rather, they argue only that the record did not support the magistrate judge's finding of diligence. (Doc. No. 40 at 10–11.) However, the non-parties' "mere disagreement with the magistrate judge's decision does not warrant reconsideration." *Doe v. Trump*, No. 2:25-cv-02086-TLN-JDP, 2025 WL 3154430, at *1 (E.D. Cal. Nov. 12, 2025). Further, recent orders by district courts in this circuit have granted requests for alternative service under similar circumstances as presented here. *See Cent. Valley Eden Env't Defs., LLC v. Sweetener Prods., Inc.*, No. 2:25-cv-00078-WBS-CSK, 2026 WL 1623184, at

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

*2 (E.D. Cal. June 5, 2026) (finding that the defendant was diligent in its attempts to serve a non-party witness where it attempted personal service ten times and asked if plaintiff's counsel would accept service as previously agreed, but plaintiff's counsel refused); *Kindermann v. Merz N. Am., Inc.*, No. 3:25-cv-00016-CAB-SBC, 2026 WL 699815, at *2 (S.D. Cal. Mar. 12, 2026) (finding the defendant had diligently attempted to serve a non-party where process servers attempted service three times and surveilled the non-party's home for several days); *cf. Bryson v. W. Coast Life Ins. Co.*, No. 1:23-cv-00193-JLT-SKO, 2024 WL 689541, at *2 (E.D. Cal. Feb. 20, 2024) (finding that the plaintiff was evading service after the defendant made 18 attempts to serve him over a four month period).

Nothing before the court, including non-parties' untimely opposition[4] (Doc. No. 37), suggests that the magistrate judge's findings are clearly erroneous or contrary to law. Therefore, the court will deny non-parties' request for reconsideration.

**CONCLUSION**

For the reasons explained above:

1. Non-parties' request for reconsideration of the magistrate judge's orders dated June 29, 2026 (Doc. No. 40) is DENIED;

/////

/////

---

[4] To be clear, the undersigned has considered the cases cited by non-parties in their untimely opposition (Doc. No. 37 at 9–10). While those authorities could have arguably supported an alternative finding by the magistrate judge, they are distinguishable and certainly did not compel such an alternative finding. *See e.g. Hinrichsen v. Quality Loan Serv. Corp.*, No. 16-cv-00690-DMS-BLM, 2017 WL 5759829, at *3 (S.D. Cal. Nov. 27, 2017) (declining to permit alternative service where the service log was unclear such that the requisite diligence was not established); *Prescott v. Cnty. of Stanislaus*, No. 1:10-cv-00592-JLT, 2012 WL 10617 (E.D. Cal. Jan. 3, 2012) (finding a deposition subpoena was not properly served on a non-party and the court did not have authority to compel compliance where the defendants had attempted personal service once and then mailed a copy of the subpoena to the non-party); *Miller v. Boilermaker-Blacksmith Nat'l Pension Tr.*, No. 2:20-cv-00317-RMP, 2021 WL 9880806 (E.D. Wash. Sept. 1, 2021) (denying the defendants' motion for leave to serve by alternative means with leave to renew where the defendants attempted personal service once, the defendants had not recently attempted to personally serve the non-party, and the non-party stated he would cooperate with the scheduling of his deposition).

2. Non-parties' request for a stay pending this court's order on the request for reconsideration (Doc. No. 40) is DENIED as having been rendered moot by this order; and

3. This matter is REFERRED back to the magistrate judge for further proceedings consistent with Local Rule 302.

IT IS SO ORDERED.

Dated: **July 21, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE